This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEBRA GONZALES,**

    Petitioner-Appellee,

**v.**                                                    **No. 33,609**

**DAVID WARNER,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Lori Gibson, P.C.
Lori Gibson
Ruidoso, NM

for Appellee

David Warner
Roswell, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

{1}     Husband appeals the district court's division of community property and debt in this divorce case. We issued a notice of proposed disposition proposing to find that we have jurisdiction over this appeal, and to affirm in part and reverse in part.

Husband and Wife have both filed memoranda that agree in part with the proposed disposition but oppose it in part. We have carefully considered the submissions of the parties. However, for the reasons stated below, we continue to believe the proposed disposition correctly analyzed the issues and should be followed. We therefore affirm in part and reverse in part for the reasons stated below as well as those stated in the notice of proposed disposition.

**Jurisdiction**

{2}     In the notice we proposed to hold that the district court's refusal to rule on the last of Husband's several motions for reconsideration did not destroy the finality of the underlying judgment, dated April 25, 2013. Husband argues against this result, contending that he is appealing not only that judgment but also the district court's February 10, 2014 order denying his motion to reconsider the April 25, 2013 judgment. [MIO 1]   According to Husband, the pendency of his last motion to reconsider, filed on February 11, 2014, does affect finality because he filed that motion within thirty days of the February 10 order, and the district court must therefore rule on it. We disagree. The point of our discussion in the notice of proposed disposition is that any motion directed at the underlying judgment must be filed within thirty days of that judgment; otherwise finality is not affected. In this case, therefore, when the district court filed its order of February 10, 2014, the underlying judgment

became final, and Husband's new motion to reconsider was of no effect as far as finality is concerned. Husband then filed his amended notice of appeal, on February 20, 2014, and thereby transferred jurisdiction to this Court and deprived the district court of jurisdiction to rule on his last motion for reconsideration. The bottom line is, a litigant cannot extend the time for appeal or continually prevent a judgment from becoming final by serially filing motions to reconsider. For the reasons stated in the notice of proposed disposition, we hold that we have jurisdiction to consider this appeal.

**Issues Affirmed**

{3} Husband has not presented any argument in opposition to our discussion of the issues concerning the following: (1) the district court's failure to sanction Wife for her allegedly numerous violations of the temporary domestic order; and (2) the issue concerning the district court's finding regarding Husband's lack of resources to pay for Wife's attorney fees, except as discussed below. For the reasons stated in the notice of proposed disposition, we affirm on these issues. *See State v. Ibarra,* 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 (holding that "[a] party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law").

{4}      In our notice of proposed disposition we proposed to find that Wife stopped working at Furr's Supermarket and adding funds to her retirement account prior to the parties' marriage, and to hold that earnings accrued on that retirement account during the marriage remain separate property. Husband criticizes this Court for making an "assumption" about the facts, but he does not claim the substance of our assumption is incorrect. [MIO 2-3] Furthermore, he has not responded to our analysis of the earnings question. We therefore affirm on this issue for the reasons stated in the notice of proposed disposition. *See id.*

{5}      Husband contends that Wife violated the fiduciary duty she owed to Husband by using some of the funds from a community asset, the insurance money for a wrecked vehicle, to pay for her attorney fees. [MIO 5] This argument was not made in Husband's docketing statement and there is no indication it was raised below, as we pointed out in the notice of proposed disposition. Instead, Husband's only argument was the one we addressed in the notice of proposed disposition: that a portion of the attorney fees paid by Wife should be granted to him as a community asset, because she used community funds to pay those fees. As we discussed in the notice, the fees were not properly assigned as an asset because they were paid prior to the divorce and the funds no longer existed as a community asset. *See Irwin v. Irwin*, 1996-NMCA-007, ¶ 13, 121 N.M. 266, 910 P.2d 342. Since Husband did not

raise the fiduciary-duty argument in his docketing statement and does not indicate how he preserved it below, we decline to address it. *See* Rule 12-216 NMRA (requiring that a ruling or decision by the district court must be invoked in order to preserve an issue for appeal). Furthermore, for the reasons stated above and in our notice, we affirm the district court on the issue that Husband did raise in his docketing statement.

{6} Husband argues that if the attorney fees are not going to count against Wife, because the funds no longer existed at the time of the divorce, the same reasoning should apply to the value of the property in Torreon, which according to Husband also did not exist as a community asset at the time of the divorce. [MIO 3] This is because, according to Husband, any equity in the property was destroyed when the property was foreclosed upon prior to the divorce, and thus that $10,000 in equity should not have counted against him as an asset awarded to him by the district court.

{7} There are two significant differences between the Torreon equity and the money spent on attorney fees, either of which independently justifies the district court's varied treatment of the items. First, the district court's findings indicate that Husband did not sufficiently prove that the Torreon property had indeed been lost to the community at the time of divorce. The district court accurately found that Husband presented no proof that a forfeiture had actually occurred. [RP 202] At one point in

the proceedings below Husband submitted to the district court a demand letter concerning the Torreon property. [RP 129] He did not, however, submit a notice of foreclosure and he testified at trial that he did not have such a notice. [RP 154] The district court was therefore entitled to disbelieve Husband's mere assertion that the property had been lost to foreclosure prior to the court's order dividing the community assets and debts. Furthermore, the district court made an alternative finding to the effect that if the property had been lost, it was due to Husband's failure to make the payments on the property or to warn Wife or Wife's attorney that foreclosure was imminent. [RP 202] Thus, while Wife spent community funds to pay a legitimate debt in the form of attorney fees, Husband's actions dissipated a community asset without any return at all to the community. As a result, the district court could reasonably assess that asset against Husband. *See Martinez v. Martinez*, 2004-NMCA-007, ¶ 11, 135 N.M. 11, 83 P.3d 298 (discussing fact that spouses owe a fiduciary duty toward each other in managing community property).

{8}    Husband next argues that Wife's gift of the Pontiac to the parties' daughter should be counted against Wife because it was a gift of a substantial community asset and violated Wife's fiduciary duty toward Husband. It is true that absent intervening equities, one spouse may not deprive the other of a substantial community asset by giving that asset to a third party. *See Fernandez v. Fernandez*, 1991-NMCA-001,

6

¶¶ 18-19, 111 N.M. 442, 806 P.2d 582. However, Husband did not make this argument in his docketing statement and there is no indication he made it below. Instead, he argued only that the Pontiac was not in fact given to the daughter and should therefore still be considered a community asset. We therefore will not address this argument, raised for the first time on appeal. *See* Rule 12-216. We also note that in this case intervening equities existed—the daughter testified that she had driven the vehicle for three or four years, had helped make the payments on it, and considered it to be hers. [RP 195] We affirm the district court's decision as to this issue.

{9}    Husband appears to concede the issue concerning the number of Chevrolet vehicles he owns, stating that he cannot prove a negative, that the third Malibu did not exist. [MIO 4-5] We agree that it was up to the district court, as the fact finder, to decide whether Husband or Wife was more accurately testifying as to the number of Malibus that were in Husband's possession. The district court found against Husband on that point, and we may not disturb that factual determination on appeal. *See El Paso Natural Gas Co. v. Kysar Ins. Agency, Inc.*, 1982-NMSC-046, ¶ 20, 98 N.M. 86, 645 P.2d 442.

{10}    Concerning the issue of spousal support, Husband points to evidence supporting his assertion that he is disabled and should have been awarded such support. [MIO 5] As we discussed in the notice of proposed disposition, there was also evidence that

7

Husband is capable of working and the district court credited that evidence, finding that Husband is voluntarily unemployed. [RP 202] Again, we may not disturb that factual finding on appeal. *See id.*

{11} Husband continues to point to evidence that Wife forced him to leave the parties' residence and changed all the locks. [MIO 6] In the notice of proposed disposition, however, we discussed the fact that Husband's remedy for such actions should have been pursued prior to the property-division hearing, at the time he was first locked out of the residence. Husband has not responded to that discussion. Therefore, for the reasons stated in the notice, we hold that the issue is moot and that Husband has suggested no possible remedy that could be afforded to him at this late date. *See Ibarra,* 1993-NMCA-040, ¶ 11 (holding that the party opposing summary disposition must point out errors in fact or law in the proposed disposition).

{12} Husband again maintains he has suffered manifest injustice due to the district court's rulings, Wife's false testimony, and misrepresentations made by Wife's attorney. It was up to the district court to determine what testimony the court believed, as well as the accuracy of any representations made by counsel. With respect to the issues we have discussed above, we reject Husband's claim of manifest injustice.

**Issues Reversed**

**{13}** In our notice of proposed disposition we pointed out that the parties appear to agree that the district court assigned erroneous values to two different trailers that were awarded to Husband, and omitted completely the cash values of three different life insurance policies. Husband agrees with our proposed reversal as to these issues. [MIO 6] Wife agrees that the actual values of the two trailers were ten percent of the assigned amounts—$3,000 and $1,500 rather than $30,000 and $15,000. [Wife MIO 10] Wife also agrees that three insurance policies with cash value were not addressed by the district court's decision. [Id. 11] However, Wife does not agree that we should reverse to allow the district court to address these issues. Instead, she contends that two of the insurance policies should be assigned to her and one to Husband. [Id.] She also argues that the inflated values assigned to the trailers and the omission of the insurance policies, if corrected, would not change the district court's decision because Husband would still be awarded a much greater amount of the community assets than Wife. [Id. 12]

**{14}** In essence, Wife asks this Court to correct the district court's errors and omissions on appeal, rather than reversing to allow the district court to decide how those errors and omissions might or might not affect its division of the parties' community property. This is not something we may do. The district court has considerable discretion in arriving at an equitable division of the parties' community

property. *See Arnold v. Arnold*, 2003–NMCA–114, ¶ 6, 134 N.M. 381, 77 P.3d 285. We cannot predict on appeal how the district court might decide to allocate the cash values of the life insurance policies, or how correction of the trailer values might affect the court's equitable division of the parties' community property. In addition, Wife suggests there may be another piece of omitted community property that should be addressed by the district court—a fourth cash-value-bearing life insurance policy that Husband has allegedly failed to disclose up to this point. [Wife MIO 12] The proper course of action here, therefore, is to reverse the district court's division of property to the extent that it assigned erroneous values to the two trailers and failed to distribute the cash values of the three life insurance policies. Upon remand the district court will also have the authority to determine the existence of any other assets that may have been omitted from the order dividing the parties' property. *Cf.* NMSA 1978, § 40-4-20(A) (1993) (mandating that the failure to divide or distribute property at the time of divorce does not affect the parties' rights to that property, and that either spouse may at any time initiate an action to divide such omitted property). {15}

Based on the foregoing, as well as the discussion in the notice of proposed disposition, we affirm the district court's decision in part and reverse it in part.

{16}   **IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**

11